# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CEDRIC DERRELL DAVENPORT,** | ) |
| Petitioner, | ) Case No. 7:22CV00157 |
| v. | ) **OPINION** |
| **UNITED STATES OF AMERICA,** | ) JUDGE JAMES P. JONES |
| Respondent. | ) |

*Cedric Derrell Davenport, Pro Se Petitioner.*

The petitioner, Cedric Derrell Davenport, a federal inmate proceeding pro se, filed this action as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Davenport asserts that his retention in federal custody violates his constitutional rights because the Indictment was defective and because the Interstate Agreement on Detainers was not complied with.  Upon review of the record, the court concludes that Davenport's claims for relief under § 2241 must be summarily dismissed for lack of jurisdiction.

Davenport asserts that on January 8, 2019, a grand jury in the United States District Court for the Southern District of Georgia issued a one-count Indictment charging him with possession of a firearm by a prohibited person. He pleaded guilty and was sentenced.  In his current petition, Davenport asserts that the Indictment was amended without resubmission to the grand jury and that he was not sentenced

to a charge issued by the grand jury, in violation of his due process rights. Davenport also complains that while he was held in the Georgia Department of Corrections, he was never notified of his rights under the Interstate Agreement on Detainers and did not sign any related documents. Finally, Davenport asserts ineffective assistance of counsel because his attorney allegedly failed to tell him "what the law really means" and failed to conduct an "investigation or adversarial testing" in unspecified ways. Pet. 2, ECF No. 1. As relief, Davenport demands to be released from federal custody.

Normally, a federal prisoner seeking to overturn his conviction, as Davenport desires, must do so on direct appeal, or later, in a motion under 28 U.S.C. § 2255 to collaterally attack his conviction. *Davis v. United States*, 417 U.S. 333, 343 (1974). A district court cannot entertain a § 2241 petition challenging a federal conviction unless the petitioner proves that the remedy available by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) ("the savings clause"); *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). The United States Court of Appeals for the Fourth Circuit has concluded

> that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

Davenport does not satisfy this jurisdictional standard, because he fails to identify any intervening change in substantive law that decriminalized the act for which he was convicted. Specifically, Davenport presents no change in the legal landscape under which possession of a firearm as a prohibited person is no longer a violation of federal criminal law. Because Davenport thus fails to satisfy one of the jurisdictional requirements under *In re Jones* to proceed with these claims in a § 2241 petition under the savings clause of § 2255(e), I must summarily dismiss his petition for lack of jurisdiction. Davenport does not distinguish between his challenges to the Indictment and his claim of deficient procedures under the Interstate Agreement on Detainers. Therefore, I have addressed all of his claims as challenges to his incarceration.

A separate Final Order will be entered herewith.

DATED: May 4, 2022

/s/ JAMES P. JONES
Senior United States District Judge